{¶ 27} I respectfully dissent from the majority opinion. The testimony presented to the trial court was insufficient to establish that the warrantless search of Appellant's trash was constitutionally permissible.
 {¶ 28} In garbage search cases, Fourth Amendment reasonableness turns on public accessibility to the trash. California v. Greenwood,486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988). In Greenwood, the United States Supreme Court found that the Fourth Amendment does not prohibit the warrantless search and seizure of garbage left for collection outside the curtilage of a home. The court reasoned that there is no reasonable expectation of privacy in items voluntarily left for trash collection in an area which is susceptible to open inspection and "accessible to animals, children, scavengers, snoops, and other members of the public." Id.
 {¶ 29} The scant testimony before the trial court on this issue indicated only that Officer Guist contacted Appellant's private waste hauler, L M Refuse, and learned the time and day of Appellant's trash pickup. Officer Guist then accompanied unidentified sanitation workers to Appellant's home on the scheduled pick-up day. The Appellant's trash was not located at the curb or near the street instead the workers went up to Appellant's detached garage next to the home and removed the trash containers from the back (northeast) corner of the garage.
 {¶ 30} Although the majority opinion states Appellant's trash was "readily accessible from the street and exposed to the public", there is no testimony in the record to support this conclusion. Furthermore, there was no testimony the trash was in the location customarily used for trash collection or that there was an agreement *Page 9 
between L M and Appellant to collect the trash from the side of the garage. In addition, there was no affirmative evidence that L M owned the trash containers, only that L M's name and telephone numbers were printed on the containers.
 {¶ 31} In sum, there is insufficient testimony to demonstrate any intent on the part of Appellant to place the trash out for collection pickup or for the public to rummage through the contents. It was simply not established by the State that the manner in which Appellant's trash was collected from the side of the garage was customary or readily accessible and visible to the public so as to hold Appellant lost a legitimate expectation of privacy. See also, United States v. CertainReal Property Located at 987 Fisher Road, 719 F.Supp. 1396, 1404-1405
(holding that garbage bags within curtilage engender privacy expectations as claimants retained control over them and could have retrieved them or items contained in them); and State v. Manera, 6th Dist. App. No. L-87-221, 1988 WL 69154 (upholding warrantless police search of trash left in common trash area by apartment complex residents as passerby could view the trash area and if so inclined, rummage through the contents).
 {¶ 32} For these reasons, I would find the warrantless search of Appellant's trash infringed upon his Fourth Amendment rights in light of the limited record before this Court.
 {¶ 33} I would sustain Appellant's assignment of error because the majority's disposition of the assignment of error hinges upon the legality of the trash search to provide corroborating evidence to support a substantial basis for probable cause for the search warrant issued for Appellant's residence.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the June 26, 2007 Judgment Entry of the Stark County Court of Common Pleas overruling Appellant's motion to suppress the evidence is affirmed. Costs assessed to Appellant. *Page 1